■   In the Matter of the Estate of VINCENZA RAINONE, Deceased. ALFRED RAINONE, Appellant; HERMAN GLICK, Respondent.— In this proceeding by the successor trustee of the estate of Vincenza Rainone, deceased, to judicially settle his account, the objectant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, made by a Referee and dated September 6, 1967, settling the account, as (1) dismissed his claim for expenditures and improvements he had made in connection with certain of the estate property and (2) dismissed his objection to an alleged overpayment of taxes by the successor trustee. Judgment modified, on the law and the facts, by striking therefrom the provision which dismissed the objectant's claim for expenditures and improvements and by directing that a further hearing before the Referee proceed on that claim, not inconsistent herewith, with new determination thereon to be made by him. As so modified, judgment affirmed insofar as appealed from, without costs. The Referee's stated grounds for dismissing the claim for expenditures are supported by neither the facts nor the law. The record clearly shows that the expenditures involved were made by the objectant during the period that he was trustee of the estate. Accordingly, his rights to reimbursement are those of a trustee. To the extent that the various expenses which he incurred were necessary and appropriate to carrying out the purpose of the trust or for discharging his duties thereunder, he is entitled to reimbursement. He may also be entitled to indemnity for expenses not properly incurred if, and to the extent, they benefited the trust estate (3 Scott, Trusts, 3d ed., §§ 188, 245.1). The record does not provide a sufficient basis upon which such a determination can be made. Accordingly, this matter should be remitted to the Referee for a further hearing at which time evidence may be offered, and a decision rendered, as to the necessity and appropriateness of the various expenditures and to the extent to which the trust estate was thereby benefited. To avoid prejudice to the trust estate, further evidence may also be offered as to the reasonable value of specific repairs and improvements, as of the times made, which the objectant has shown to be the product of his own labor. Brennan, Acting P. J., Hopkins, Benjamin and Munder, JJ., concur; Martuscello, J. not voting.